NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIHUA CHEN, | No. 14-70359 |
| Petitioner, | Agency No. A200-575-456 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Lihua Chen is a native and citizen of China. He petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal of an order by an

Immigration Judge (IJ) denying his applications for asylum, withholding of removal,

and protection under the Convention Against Torture (CAT). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252(a) and deny the petition for review.

1. An application for asylum is untimely if not filed within one year of an alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Chen arrived in Guam in April 2009 and filed his asylum application in July 2011. His late filing can be excused if there are "extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(D). If extraordinary circumstances are established, Chen also "must then demonstrate that the asylum application was filed within a 'reasonable period given those circumstances.'" *Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013) (quoting 8 C.F.R. § 1208.4(a)(5)).

Substantial evidence supports the BIA's conclusion that Chen "did not establish that he filed his asylum application within a reasonable period under the circumstances." Chen's reliance on representations from his employer that his original status would be extended was not reasonable after April 2010, when the employer's extension request was denied. Chen's passport stated that his work status expired in October 2009, and a preamble to the regulation in place at the time, *Singh v. Holder*, 656 F.3d 1047, 1056 (9th Cir. 2011), cautioned that "waiting six months or longer after expiration or termination of status would not be considered reasonable." Asylum Procedures, 65 Fed. Reg. 76121, 76124 (Dec. 6, 2000).

2. The BIA's affirmance of the IJ's adverse credibility determinations was supported by substantial evidence. Under the REAL ID Act of 2005, an "IJ may base

2

an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). The BIA accurately noted that although Chen had testified "that he was present and had a confrontation with officials when they took his wife away during her third pregnancy, his written statement did not state that he encountered family officials at that time." Indeed, although Chen testified that he engaged "in a physical fight" and "was handcuffed" when family planning officials came to take his wife for her second abortion, his written statement makes no mention of any such incident. His written statement only describes a "physical confrontation" with government officials before his wife's first abortion. This discrepancy, which goes to the heart of Chen's persecution claim, provides substantial evidence for the adverse credibility finding. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) (stating that as "long as one of the identified grounds is supported by substantial evidence . . . we are bound to accept the IJ's adverse credibility finding"); *see also Shrestha*, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").[1]

---

[1] Substantial evidence also supports the BIA's finding of several other discrepancies between Chen's asylum application, his written statement, and his hearing testimony. Chen's application conflicted with his later testimony about the

3. The BIA also did not err in concluding that, even if Chen's asylum application had been timely, it would nonetheless fail because "the documentary evidence he submitted did not overcome his lack of credibility" or "independently and credibly prove his claim of past and future persecution." Chen's documentary evidence consisted of a letter from his wife stating that she had had two abortions, and two country conditions reports. None of these compels a finding of past or future persecution. *See Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) ("The petition for review may be granted only if the evidence presented was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.") (citation and internal quotation marks omitted). Chen's application for withholding of removal therefore also necessarily failed. *See Fisher v. INS*, 79 F.3d 955, 965 (9th Cir. 1996) (en banc) (holding that applicant who "failed to satisfy the lesser standard of proof required to establish eligibility for asylum . . . necessarily failed to demonstrate eligibility for withholding of deportation").

4. The BIA's rejection of Chen's CAT application was also based on substantial evidence. Even assuming his credibility, Chen presented no evidence that it is "more likely than not" that he will be tortured if he returns to China. 8 C.F.R.

---

number of his siblings and place of birth, and failed to disclose that he had previously worked in Guam. "[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren*, 648 F.3d at 1089.

4

§ 1208.16(c)(2).

The petition for review is **DENIED.**